**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

```
DARRYL BURTON,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   CASE NO. _____
                                        )
THE CITY OF ST. LOUIS, MISSOURI,        )
Serve:                                  )
Mayor Francis G. Slay                   )
Mayor's Office – City Hall              )
1200 Market Street, Room 200            )
St. Louis, MO  63103,                   )
                                        )   JURY TRIAL DEMANDED
and                                     )
                                        )
ST. LOUIS CITY BOARD OF                 )
POLICE COMMISSIONERS                    )
MAYOR FRANCIS G. SLAY,                  )
in his official capacity as a           )
member of the ST. LOUIS CITY            )
BOARD OF POLICE COMMISSIONERS           )
Serve at:                               )
Mayor's Office – City Hall              )
1200 Market Street, Room 200            )
St. Louis, MO  63103,                   )
                                        )
and                                     )
                                        )
MICHAEL L. GERDINE,                     )
in his official capacity as a           )
member of the St. Louis City            )
Board of Police Commissioners           )
Serve at:                               )
1200 Clark Avenue                       )
St. Louis, MO  63103,                   )
                                        )
and                                     )
                                        )
```

1

```
BETTYE BATTLE-TURNER,              )
in her official capacity as a      )
member of the St. Louis City       )
Board of Police Commissioners      )
Serve at:                          )
1200 Clark Avenue                  )
St. Louis, MO  63103,              )
                                   )
and                                )
                                   )
RICHARD H. GRAY,                   )
in his official capacity as a      )
member of the St. Louis City       )
Board of Police Commissioners      )
Serve at:                          )
1200 Clark Avenue                  )
St. Louis, MO  63103,              )
                                   )
and                                )
                                   )
DONALD CUMMINGS,                   )
CHRISTOPHER GUNTER,                )
STEPHEN HOBBS,                     )
DANIEL NICHOLS,                    )
HERBERT RILEY,                     )
JOHN ROUSIN,                       )
THOMAS WILDER, all in their        )
official capacity and their        )
individual capacity,               )
(TO BE SERVED),                    )
                                   )
          Defendants.              )
```

**COMPLAINT**

NOW COMES Plaintiff, DARRYL BURTON, by his attorneys, WENDT GOSS, P.C., LOEVY & LOEVY and THE MCCALLISTER LAW FIRM, P.C., and complaining of Defendants, THE CITY OF ST. LOUIS, MISSOURI; ST. LOUIS CITY BOARD OF POLICE COMMISSIONERS; MAYOR FRANCIS SLAY, in his official capacity as a member of the ST.

2

LOUIS CITY BOARD OF POLICE COMMISSIONERS; MICHAEL L. GERDINE, in his official capacity as a member of the St. Louis City Board of Police Commissioners; BETTYE BATTLE-TURNER, in her official capacity as a member of the St. Louis City Board of Police Commissioners; RICHARD H. GRAY; in his official capacity as member of the St. Louis City Board of Police Commissioners; DONALD CUMMINGS; POLICE OFFICER GUNTER; STEPHEN HOBBS; DANIEL NICHOLS; HERBERT RILEY; JOHN ROUSIN; and THOMAS WILDER, states as follows:

### Introduction

1.  Plaintiff DARRYL BURTON was falsely convicted of a murder that he did not commit.  In August 2008, Cole County Judge Richard Callahan overturned Mr. Burton's conviction, *inter alia*, on the basis that he was innocent.  All told, Mr. Burton served over 24 years of unjust imprisonment because of the false conviction.

2.  The tragedy that befell Mr. Burton and his family was entirely avoidable.  His wrongful conviction resulted from police misconduct, including witness manipulation, cover-ups, and fabrication, perpetrated by officers of the St. Louis Metropolitan Police Department ("SLPD").

3.  Mr. Burton brings this action pursuant to 42 U.S.C. § 1983 and Missouri state law to seek redress for the wrongs done

3

to him as well as to deter future police misconduct and to reform the improper policies and practices that emboldened the officers to violate his rights.

**Jurisdiction and Venue**

4.   This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

5.   Venue is proper under 28 U.S.C. § 1391(b).  Defendants reside in this judicial district and the events giving rise to the liability claims asserted herein occurred within the district.

**Parties**

6.   Plaintiff, DARRYL BURTON, is a 48 year-old resident of the state of Missouri.  He is employed as a reentry specialist for Catholic Charities.  Since his exoneration, Mr. Burton has also started a business and done advocacy work on the topic of wrongful convictions.

7.   At all times relevant, Defendants DONALD CUMMINGS, POLICE OFFICER GUNTER, STEPHEN HOBBS, DANIEL NICHOLS, HERBERT RILEY, JOHN ROUSIN, and THOMAS WILDER (collectively, the "INDIVIDUAL OFFICER DEFENDANTS") were employed by THE CITY OF ST. LOUIS and/or the ST. LOUIS CITY BOARD OF POLICE

COMMISSIONERS as police officers and were acting under color of law and within the scope of their employment.

8. Defendant, THE CITY OF ST. LOUIS, MISSOURI is a municipal corporation, physically situated in this judicial district.

9. Defendant ST. LOUIS CITY BOARD OF POLICE COMMISSIONERS is responsible for establishing, overseeing, supervising and otherwise employing the SLPD and its members, law enforcement officers and agents.

10. Defendants, MAYOR FRANCIS SLAY, MICHAEL L. GERDINE, BETTYE BATTLE-TURNER, and RICHARD H. GRAY are members of the ST. LOUIS CITY BOARD OF POLICE COMMISSIONERS. They are sued in their official capacities for the improper policies and practices that contributed to the violations alleged herein.

### The Murder

11. On June 4, 1984, at about 10 p.m., a man approached Donald Ball on a gas station lot and shot him several times, killing him. The shooter fled the gas station as soon as the shots were fired.

12. Several eyewitnesses observed the shooting. They described the shooter, *inter alia*, as a light-skinned black man with closely cut hair.

13. The descriptions were a poor fit for PLAINTIFF BURTON.

5

He has a very dark complexion and, at the time of the shooting, wore his hair in the large, loose "jeri curl" style. PLAINTIFF BURTON had nothing to do with the murder.

14. The shooter was a man named Jesse Watson. Watson had previously shot Ball but failed to kill him. In the months before June 4, 1984, Watson had been threatening to finish the job. Watson later confessed to his confidants that he was the one who shot and killed Ball at the gas station.

### Defendants Frame Mr. Burton for the Murder

15. On or about June 4, 1984, SLPD officers received information that PLAINTIFF BURTON was in a feud with Ball over a woman that Ball had been dating. While this information was incorrect, it nevertheless caused the officers to settle on PLAINTIFF as their suspect. Thereafter, the INDIVIDUAL DEFENDANTS began improperly shaping the investigation to fit PLAINTIFF, rather than conducting a true investigation to solve the crime.

16. Among other misconduct intended to frame Plaintiff, Defendants CUMMINGS, HOBBS, and ROUSIN suppressed eyewitness information about the shooter's hair and complexion which did not match PLAINTIFF and Defendant HOBBS prepared a false police report that misstated the witnesses' accounts.

17. Additionally, a longtime acquaintance of PLAINTIFF

6

named Samuel Coleman was present at the gas station at the time of the shooting. He was interviewed by DEFENDANT WILDER, and informed WILDER that he knew PLAINTIFF and that the man he saw at the gas station was much lighter than PLAINTIFF. Defendant WILDER covered up this information and Defendant HOBBS prepared a false police report that misstated Coleman's account.

18. Defendants never procured any physical evidence against PLAINTIFF. In fact, the only evidence that PLAINTIFF had any involvement at all with the shooting came from two unreliable witnesses: Claudex Simmons and Eddie Walker, both of whom Defendants recruited and manipulated into falsely implicating PLAINTIFF.

19. Eddie Walker was a man with poor eyesight and a drinking problem. On the night of the shooting he was drunk and not present at the gas station. Defendant RILEY developed Walker as a fabricated witness through their mutual connection to an unreliable snitch nicknamed "Tampa Red."

20. Defendant RILEY, together with Defendant HOBBS, ROUSIN and NICOLS manipulated Walker and fed him information about the shooting that he did not know on his own. They also used suggestive identification procedures to coach Walker, thereby tainting his identification of Plaintiff both pretrial and at trial. These Defendants covered up their manipulation of Walker

7

and DEFENDANT HOBBS wrote false police reports misstating the facts.

21.  Claudex Simmons was a proven unreliable career snitch who did not witness the shooting at the gas station.  After having been used by the Defendants to falsely implicate PLAINTIFF at the criminal trial, Simmons recanted his account and submitted an affidavit in support of PLAINTIFF'S effort to overturn the conviction.  In the affidavit he attested that the police had threatened and manipulated him into falsely implicating PLAINTIFF after he (Simmons) was arrested on unrelated charges.

22.  Defendants GUNTER, HOBBS, NICOLS, and RILEY fabricated information that Simmons witnessed the shooting when, in fact, he did not.  HOBBS, NICOLS and RILEY manipulated Simmons and fed him information about the shooting that he did not know on his own.  They also used suggestive identification procedures to coach Simmons, thereby tainting his identification of Plaintiff both pretrial and at trial.  These Defendants covered up their manipulation of Simmons and DEFENDANT HOBBS wrote false police reports misstating the facts.

**Defendants Prosecute "the Wrong Man"**

23.  As a result of the INDIVIDUAL DEFENDANTS' misconduct Plaintiff was charged with the crime of murder, despite the

8

absence of probable cause to believe that he committed that crime, and despite his innocence.

24.  During the trial, one or more of the INDIVIDUAL DEFENDANTS prepared eyewitness Joan Williams to testify, by showing her a picture of PLAINTIFF and telling her that he was the defendant.

25.  Upon seeing the picture, Williams responded that the shooter had a much lighter complexion than the man in the picture and stated "you have the wrong man."

26.  Defendants suppressed her statements and PLAINTIFF never learned this information.

27.  Walker and Simmons were the only witnesses at the trial who tied PLAINTIFF to the murder.  Their testimony about their observations of the shooting was false and their identifications of PLAINTIFF at the trial were the result of the Defendants' manipulative and overly suggestive conduct.

28.  Defendant HOBBS served as one of the prosecuting witnesses in the case and he perjured himself and caused others to perjure themselves at PLAINTIFF'S criminal trial and in pretrial proceedings.

29.  As a result of all of the above, the information and documents which would have cast doubt on the allegations against PLAINTIFF and which would have helped him to prove that he was

innocent of the murder were suppressed.

### Municipal Responsibility

30.  The INDIVIDUAL DEFENDANTS, acting individually and pursuant to their agreement to frame PLAINTIFF, violated PLAINTIFF'S rights under state and federal law.  These Defendants also caused PLAINTIFF'S malicious prosecution.

31.  The INDIVIDUAL DEFENDANTS' conduct also resulted from certain improper customs and policies of the ST. LOUIS CITY BOARD OF POLICE COMMISSIONERS and its designees (the "Board") and/or THE CITY OF ST. LOUIS, MISSOURI that were a moving force behind the violations.

32.  The Board failed to implement and was deliberately indifferent to the need for policies and training, as well as oversight and discipline, to enforce the constitutional requirements for witness identification procedures and for the SLPD to disclose exculpatory and impeachment information to prosecutors when its officers possess such information.

33.  Moreover, the Board was deliberately indifferent to and condoned the existence of a widespread practice and custom within the SLPD of improper witness identification procedures and of suppressing exculpatory and impeachment information from prosecutors and of intentionally destroying such evidence.

34.  As a result, SLPD officers were led to believe that

their misconduct was appropriate and that they could act with impunity, thereby encouraging the very type of abuses which befell Plaintiff.

35. These failures by the Board were a moving force behind the violation of PLAINTIFFS' constitutional rights and proximately caused damages to PLAINTIFF.

**COUNT I:   42 USC § 1983 – SUPRESSION OF EXCULPATORY MATERIAL**

36. PLAINTIFF incorporates each of the allegations of this complaint as if fully set forth herein.

37. By all of the above, the INDIVIDUAL DEFENDANTS, acting individually and in conspiracy with each other, withheld exculpatory material from the prosecution and, thus, from PLAINTIFF.

38. As a result of these violations, Plaintiff was deprived of his right to a fair trial and was falsely convicted for a crime of which he was innocent.

39. These violations resulted from improper policies, practices, and deliberate indifference of the Board and/or THE CITY OF ST. LOUIS, MISSOURI.

40. Plaintiff suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result.

WHEREFORE, PLAINTIFF DARRYL BURTON respectfully demands judgment against the INDIVIDUAL DEFENDANTS, awarding

actual and punitive damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled. PLAINTIFF further demands judgment against the Board, THE CITY OF ST. LOUIS, MISSOURI, MAYOR FRANCIS SLAY, MICHAEL L. GERDINE, BETTYE BATTLE-TURNER, and RICHARD H. GRAY in their official capacities, awarding actual damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest, and any other relief to which he may appear entitled.

**COUNT II:  42 USC § 1983 – SUGGESTIVE IDENTIFICATIONS**

41.  PLAINTIFF incorporates each of the allegations of this complaint as if fully set forth herein.

42.  By all of the above, DEFENDANTS HOBBS, NICOLS, and RILEY, acting individually and in conspiracy with each other and the INDIVIDUAL DEFENDANTS, used improper and suggestive procedures to cause Plaintiff to be misidentified as the man who shot Donald Ball.  This misconduct tainted the identifications of Mr. Ball through the photo arrays and line-ups, which evidence was offered against him at trial, and the in court identification during his trial.

43.  As a result of these violations, Plaintiff was deprived of his right to a fair trial and was falsely convicted

for a crime of which he was innocent.

44. These violations resulted from improper policies, practices, and deliberate indifference of the Board and/or THE CITY OF ST. LOUIS, MISSOURI.

45. Plaintiff suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result.

WHEREFORE, PLAINTIFF DARRYL BURTON respectfully demands judgment against the INDIVIDUAL DEFENDANTS, awarding actual and punitive damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled. PLAINTIFF further demands judgment against the Board, THE CITY OF ST. LOUIS, MISSOURI, MAYOR FRANCIS SLAY, MICHAEL L. GERDINE, BETTYE BATTLE-TURNER, and RICHARD H. GRAY in their official capacities, awarding actual damages as well as his as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled.

**COUNT III:  42 USC § 1983 – FABRICATED EVIDENCE**

46. PLAINTIFF incorporates each of the allegations of this complaint as if fully set forth herein.

47. By all of the above, DEFENDANT HOBBS acting in conspiracy with the INDIVIDUAL DEFENDANTS, fabricated evidence,

13

including without limitation, false police reports, fabricated testimony by Walker and Simmons, and his own fabricated testimony.

48. As a prosecuting witness, HOBBS has no immunity for this misconduct.

49. As a result of these violations, Plaintiff was deprived of his right to a fair trial and was falsely convicted for a crime of which he was innocent.

50. These violations resulted from improper policies, practices, and deliberate indifference of the Board and/or THE CITY OF ST. LOUIS, MISSOURI.

51. Plaintiff suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result.

WHEREFORE, PLAINTIFF DARRYL BURTON respectfully demands judgment against DEFENDANT HOBBS, awarding actual and punitive damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled. PLAINTIFF further demands judgment against, the Board, THE CITY OF ST. LOUIS, MISSOURI, MAYOR FRANCIS SLAY, MICHAEL L. GERDINE, BETTYE BATTLE-TURNER, and RICHARD H. GRAY in their official capacities, awarding actual damages as well as his costs fees and attorneys fees incurred in pursuing this action, pre- and

post-judgment interest and any other relief to which he may appear entitled.

### COUNT IV: MALICIOUS PROSECUTION

52. PLAINTIFF incorporates each of the allegations of this complaint as if fully set forth herein.

53. By all of the above, the INDIVIDUAL DEFENDANTS and/or other SLPD employees instigated and continued the prosecution of PLAINTIFF without probable cause and acting out of malice.

54. In August of 2008, the prosecution was finally terminated in PLAINTIFF'S favor.  On August 18, 2008, Judge Callahan granted PLAINTIFF'S petition for habeas corpus, giving prosecutors 15 days to decide whether they would retry PLAINTIFF.  On August 29, 2008, the prosecutors made clear their intention not to retry PLAINTIFF and abandoned the prosecution.

55. As a result of the malicious prosecution, Plaintiff was falsely convicted for a crime of which he was innocent.

56. These violations resulted from improper policies, practices, and deliberate indifference of the Board and of the CITY OF ST. LOUIS, MISSOURI.

57. Plaintiff suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result.

58. All of the action of the INDIVIDUAL DEFENDANTS and/or any other SLPD officers were taken within the scope of their

15

employment with THE CITY OF ST. LOUIS, MISSOURI.  As a result, THE CITY OF ST. LOUIS, MISSOURI is liable for all of their conduct pursuant to the doctrine of *respondeat superior*.

WHEREFORE, PLAINTIFF DARRYL BURTON respectfully demands judgment against the INDIVIDUAL DEFENDANTS, awarding actual and punitive damages as well as his costs fees and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled.  PLAINTIFF further demands judgment against the Board and/or THE CITY OF ST. LOUIS, MISSOURI as well as MAYOR FRANCIS SLAY, MICHAEL L. GERDINE, BETTYE BATTLE-TURNER, and RICHARD H. GRAY, all in their official capacities, awarding actual damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled.

## COUNT IV: INFLICTION OF EMOTIONAL DISTRESS

59.  PLAINTIFF incorporates each of the allegations of this complaint as if fully set forth herein.

60.  By all of the above, the INDIVIDUAL DEFENDANTS and/or other SLPD employees intentionally and/or recklessly engaged in extreme and outrageous conduct that caused severe emotional distress to PLAINTIFF.  Plaintiff also suffered bodily harm from his distress.

61. These violations resulted from improper policies, practices, and deliberate indifference of the Board and of THE CITY OF ST. LOUIS, MISSOURI.

62. Plaintiff suffered actual damages, pain and suffering, lost wages, and other damages as a direct and proximate result.

63. All of the action of the INDIVIDUAL DEFENDANTS and/or any other SLPD officers were taken within the scope of their employment with THE CITY OF ST. LOUIS, MISSOURI.  As a result, the Board and/or THE CITY OF ST. LOUIS, MISSOURI is liable for all of their conduct pursuant to the doctrine of *respondeat superior*.

WHEREFORE, PLAINTIFF DARRYL BURTON respectfully demands judgment against the INDIVIDUAL DEFENDANTS, awarding actual and punitive damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled. PLAINTIFF further demands judgment against the Board and/or THE CITY OF ST. LOUIS, MISSOURI as well as MAYOR FRANCIS SLAY, MICHAEL L. GERDINE, BETTYE BATTLE-TURNER, and RICHARD H. GRAY, all in their official capacities, awarding actual damages as well as his costs and attorneys fees incurred in pursuing this action, pre- and post-judgment interest and any other relief to which he may appear entitled.

**JURY DEMAND**

PLAINTIFF DARRYL BURTON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

        RESPECTFULLY SUBMITTED,

        WENDT GOSS, P.C.

By:  /s/ Samuel W. Wendt
     Samuel W. Wendt    Reg. No. 117792
     4510 Belleview
     Kansas City, MO 64112
     Telephone: (816) 531-4415
     Facsimile: (816) 531-2507
     E-mail:   swendt@wendtgoss.com

        and

     Arthur Loevy
     Mike Kanovitz
     Jon Loevy
     Roshna Bala Keen
     LOEVY & LOEVY
     312 North May Street, Suite 100
     Chicago, IL 60607
     Telephone:  (312) 243-5900
     Facsimile:  (312) 243-5902

        and

     Brian F. McCallister    MO Bar #37383
     Christopher J. Lawler   MO Bar #52802
     THE McCALLISTER LAW FIRM, P.C.
     917 W. 43rd Street
     Kansas City, MO  64111-3133
     Telephone:  (816) 931-2229
     Facsimile:  (816) 756-1181
     E-mail:  info@mccallisterlawfirm.com
     *Attorneys for Plaintiff*