UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv1540 TCM |
| ) | |
| ST. LOUIS BOARD OF POLICE ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending in this action is the motion of Plaintiff to add the City of St. Louis as a party [Doc. 61]; the motion of Defendants to appoint George L. Fitzsimmons as the neutral to preside over the alternative dispute resolution (ADR) conference [Doc. 66]; and the motion of Plaintiff to substitute defendants ad litem for two deceased parties [Doc. 69].

<u>Motion to Add the City of St. Louis.</u>  This is an action brought pursuant to 42 U.S.C. § 1983 and Missouri common law, i.e., claims of malicious prosecution and infliction of emotional distress, seeking monetary relief for damages allegedly sustained by Plaintiff when he was prosecuted, convicted, and imprisoned for a crime he was found twenty-four years later not to have committed.  Plaintiff initially named the City of St. Louis as a defendant in his three § 1983 counts.  Plaintiff dismissed the City without prejudice after the City moved to dismiss the claims against it on the grounds it could not be held liable under a theory of *respondeat superior* and it neither operated nor controlled the St. Louis Metropolitan Police Department (SLMPD) or the St. Louis Board of Police Commissioners (Board).

Ten weeks later, and on the last day for doing so under the case management order, Plaintiff moved to add the City back in on his state law claims under a theory of *respondeat superior*. Plaintiff has not, as required by Local Rule 7-4.01(A), filed a memorandum in support of the motion. See E.D.Mo. L.R. 7-4.01(A). Nor has Plaintiff submitted his proposed amended complaint, thereby precluding a meaningful review by the Court to determine whether the amendment would be futile. See **Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008).

For the foregoing reasons, Plaintiff's motion to add party will be denied without prejudice to its refiling with the necessary additional pleadings within fourteen days.

Motion for Appointment of Neutral. Although the parties describe differing scenarios about the negotiations surrounding their selection of a neutral, they do agree that George L. Fitzsimmons would be an able neutral. The Court shall therefore grant Defendants' motion and appoint Mr. Fitzsimmons. Defendants also request that the Court select one of the three days – March 14, 15, or 17 – on which Mr. Fitzsimmons is available for the mediation. The Court is confident that the parties are capable of doing so without its intervention.

Motion to Substitute Parties and Appoint Defendants Ad Litem. Plaintiff was convicted of capital murder and armed criminal action in 1985. See **Burton v. Dormire**, 295 F.3d 839, 843 (8th Cir. 2002). In 2008, his conviction was overturned. (Compl. ¶ 1.) On August 8, 2010, he filed the instant action, naming as defendants, among other individuals, two men who were police officers at the relevant time and who allegedly suppressed eyewitness information, manipulated witnesses to give false testimony implicating Plaintiff,

falsified police reports, and fabricated evidence. (Id. ¶¶ 7, 16, 20, 22.) One of these two men, Herbert Riley, died in 1996; the other John Rousin, died in 2005.

On September 10, 2010, summons for Riley and Rousin were returned unexecuted with notations of their deaths. On December 16, the 120-day time period of Federal Rule of Civil Procedure 4(m) for service of process ended. On December 30, Plaintiff moved for an additional 90 days within which to decide how to proceed against the two deceased defendants. On January 3, 2011, Plaintiff was granted an extension of thirty days and cautioned that a failure to act would result in the dismissal without prejudice of his claims against Riley and Rousin. On January 27, Plaintiff moved to substitute a defendant ad litem for each deceased defendant.

As grounds therefor, Plaintiff argues that under the applicable Missouri law, Mo.Rev.Stat. § 537.021, a court should appoint a defendant ad litem in place of a deceased person when there is insurance available to pay for the deceased defendant's tortious actions.[1] Such insurance is available because the State Legal Expense Fund (SLEF) provides coverage and indemnification for any judgment against state employees, see **Smith v. State**, 152 S.W.3d 275, 277-78 (Mo. 2005) (en banc), and Riley and Rousin are being sued only in their official capacities. Also, Plaintiff requests that the defendant ad litem for Riley be Stephen F. Meyerkord and for Rousin be Hardy C. Menees.

Section 537.0211 provides in relevant part as follows.

---

[1] As with his motion to add a party, Plaintiff does not support his motion with a separate memorandum. In this instance, however, Plaintiff has sufficiently set forth his arguments and relevant citations in the motion itself. Therefore, the Court will overlook the omission, but cautions Plaintiff to comply with Local Rule 7-4.01(A) in the future.

> 1. The existence of a cause of action . . . for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
>
> . . .
>
> (2) A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem. The defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer and such appointment and any proceedings had or judgment rendered in such cause after such appointment shall be binding on the insurer of such deceased wrongdoer to the same extent as if a personal representative had acted as the legal representative of such deceased wrongdoer in such cause of action. . . .[2]

Mo.Rev.Stat. § 537.021 (footnote added). Thus, "[s]ection 537.021 allows for an action to be filed against a defendant *ad litem* when a person otherwise liable for damages for wrongdoing is deceased, but was insured against liability for damages." **Litton v. Kornburst**, 85 S.W.3d 110, 116 (Mo. Ct. App. 2002) (internal quotations omitted). "The basic purpose of § 537.021.1 . . . is to provide a named party for the deceased wrongdoer that a plaintiff may be redressed for his injury by the so called real defendant – the liability insurer." **McConnell v. Kelly**, 860 F.2d 362, 363 (Mo. Ct. App. 1993). Defendants argue that the appointment of defendants ad litem is inappropriate because (a) the statute does not

---

[2]The remaining provisions of this subsection pertain to when the plaintiff wishes to satisfy any portion of a judgment out of the estate of the wrongdoer. See Mo.Rev.Stat. 537.021.1(2). Plaintiff disclaims any such intent.

- 4 -

apply when the alleged wrongdoer has died before the action accrues and (b) the SLEF is not insurance, as required by the statute. Both arguments are persuasive.

Section 537.021.1 "applies when a cause of action accrues first, and the party dies afterward." **Wood v. Hudson**, 823 S.W.2d 158, 161 (Mo. Ct App. 1992) (emphasizing that the statue refers to "'[t]he *existence* of a cause of action . . . which survives the death of the wrongdoer . . . .") (quoting § 537.021.1) (all but first alteration in original). Plaintiff does not dispute that his cause of action accrued in 2008, see **Heck v. Humphrey**, 512 U.S. 477, 489-90 (1994) (holding that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"),[3] or that Riley and Rousin died years earlier.

Plaintiff's request for the substitution of parties fails for another reason. "[I]nsurance coverage for the deceased wrongdoer is a prerequisite for appointment of a defendant ad litem." **McConnell**, 860 F.2d at 364; accord **Spicer by Spicer v. Jackson by Berra**, 853 S.W.2d 402, 403 (Mo. Ct. App.1993). The SLEF is not insurance. See **Kesterson v. Wallut**, 157 S.W.3d 675, 684 (Mo. Ct. App. 2004). Thus, its existence does not establish the necessary prerequisite for the appointment of two defendants ad litem as substitutes.

Because the Court finds that the appointment of defendants ad litem is precluded in the instant case, it declines to reach Defendants' arguments that the motion is untimely and the proposed defendants ad litem are not appropriate.

---

[3]Indeed, Plaintiff appears to recognize that his cause of action accrued in 2008. In his complaint, he lists only one date, the year, 2008 when his conviction was overturned. A five-year statute of limitations applies to his § 1983 action, see **Sulik v. Taney County, Mo.**, 393 F.3d 765, 767 (8th Cir. 2005), and there is no relevant occurrence between 2005 and 2008.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Plaintiff to add a party is **DENIED** without prejudice. [Doc. 61]

**IT IS FURTHER ORDERED** that the motion of Defendants for appointment of a neutral is **GRANTED** in part and **DENIED** in part as set forth above. [Doc. 66] Mr. George L Fitzsimmons is hereby appointed as the parties' designated neutral.

**IT IS FINALLY ORDERED** that the motion of Plaintiff to substitute parties and appoint defendants ad litem is **DENIED**. [Doc. 69]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of February, 2011.