# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRYL BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv1540 TCM |
| ) | |
| ST. LOUIS BOARD OF POLICE ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the opposed motion of the St. Louis Board of Police Commissioners (the Board), its individual members[1] (hereinafter collectively referred to as "the Board members"), and the four police officers[2] to dismiss [Doc. 41] and on the unopposed motion of Darryl Burton (Plaintiff) to amend his complaint[3] to add the City of St. Louis as a defendant on two state law claims[4] [Doc. 76].

## Background

Plaintiff was convicted following a jury trial of the murder of Donald Ball at a service station in June 1984 and of armed criminal action. See **State v. Burton**, 710 S.W.2d 306, 307

---

[1]These members are Bettye Battle-Turner, Michael L. Gerdine, Richard H. Gray, and Francis G. Slay, an ex officio member of the Board.

[2]The four police offices are Donald Cummings, Christopher Gunter, Stephen Hobbs, and Daniel Nichols.

[3]Plaintiff styles this motion as one "to add certain claims against City of St. Louis." It is a motion to amend his complaint and will be referred to and analyzed as such.

[4]The City of St. Louis was named in the original complaint as a defendant. In response, Plaintiff stipulated to its dismissal without prejudice.

(Mo. Ct. App. 1986). In August 2008, the Honorable Richard G. Callahan, then circuit court judge for Cole County, Missouri, granted Plaintiff's petition for a writ of habeas corpus. See Burton v. Dormire, No. 06AC-CC00312 (Mo. Cir. Ct. Aug. 18, 2008). In August 2010, Plaintiff filed this five-count, sixty-three paragraph action.

The first three paragraphs of the complaint are introductory and include general allegations relating to his conviction and later relief. (Compl. ¶ 1-3.) The next two paragraphs relate to jurisdiction and venue. (Id. ¶ 4-5.) The parties are described in the following five paragraphs and generally fall into one of three categories, i.e., the Board, its members, or the police officers. (Id. ¶ 6-10.) The Board members are sued in their official capacities. (Id. at 2-3.) Plaintiff states he will collectively refer to the police officers as "Individual Officer Defendants." (Id. ¶ 7.) He has no similar collective term for the individual Board members. In paragraphs ten through fourteen, Plaintiff includes allegations about Ball's murder; in paragraphs fifteen through twenty-two, he includes allegations about the various police officers[5] "framing" him for the murder; and in paragraphs twenty-three through twenty-nine, he includes allegations of suppressed exculpatory information and proffered perjury. (Id. ¶ 10-29.) And, in paragraphs thirty through thirty-four, Plaintiff alleges that the police officers' conduct resulted from the improper custom and practice of the Board; that the Board failed to implement policies, training, oversight, and disciplinary measures; that the Board was indifferent to, and condoned, the custom and practice of using improper identification

---

[5]As noted by the defendant movants, Plaintiff does not collectively refer to the individual defendants as "Individual Officer Defendants"; rather, he refers to them as "Individual Defendants." (See ¶¶ 15, 23, 24, 30, 31, 37, 42, 47, 53, 58, 60.) It is clear from the context of each reference that he is using the latter term when referring to the police officer defendants as a group.

practices and the practice of suppressing exculpatory and impeaching information; and that the Board failed to enforce the constitutional requirement to disclose exculpatory and impeaching information to prosecutors. (Id. ¶ 30-34.)

Plaintiff titles the first of his four counts as "42 U.S.C. § 1983 – Suppression of Exculpatory Material" and alleges that the police officer defendants, "individually and in conspiracy with each other, withheld exculpatory material from the prosecution" and Plaintiff; consequently, he was denied his right to a fair trial and was falsely convicted; and the complained-of actions resulted from the Board's "improper policies, practices, and deliberate indifference . . . ." (Id. ¶ 37-39.) Count II is titled "42 U.S.C. § 1983 – Suggestive Identifications" and alleges that the police officer defendants used improper and suggestive identification procedures to cause him to be misidentified as Ball's murderer. (Id. ¶ 42.) The basis for the Board's liability is the same as in Count I. (Id. ¶ 44.) Similarly, Count III is titled "42 U.S.C. § 1983 – Fabricated Evidence" and alleges the police officers used such evidence to convict Plaintiff. (Id. ¶ 47-49.) The Board's liability is based on the same allegations as in the previous two counts. (Id. ¶ 50.)

Counts IV and V allege a cause of action for malicious prosecution and deliberate infliction of emotional distress, respectively, and again make the same allegations against the Board as were made in the previous counts. (Id. ¶¶ 56, 61.)

The prayer for each count includes a request for judgment against the Board members in their official capacities. (Id. at 12, 13, 14, 16, 17.)

All Defendants move to dismiss the complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10. Specifically, Defendants argue that the complaint violates (a)

3

Rule 8 because it does not cite the constitutional or federal statutory right relied on and does not provide fair notice of their alleged involvement and (b) Rule 10(b) because each numbered paragraph does not include only "a single set of circumstances" and, by referring to "Individual Defendants," "lumps together the claim against all of the defendants." (Dfs. Mem. at 3, 4.) The complaint also fails to state how each Defendant violated state law. (Id. at 4.)

Defendants also move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds of qualified immunity.

Plaintiff moves to amend his complaint to add the City of St. Louis as a defendant in his two state-law claims.

## Discussion

Rules 8 and 10. "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[6] **Hamilton v. Palm**, 621 F.3d 816, 817 (8th Cir. 2010) (quoting Fed.R.Civ.P. 8(a)(2)). The Rule "is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,'" **id.** (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)), "even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely,'" **id.** (quoting Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir.2009) (alteration in original). The Rule does,

---

[6]Federal Rules of Civil Procedure 8 provides, in relevant part:
(a) Claim for relief. A pleading that states a claim for relief must contain:
. . .
(2) A short and plain statement of the claim showing that the pleader is entitled to relief; . . . .

4

however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft**, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" **Id.** (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" **Id.** (quoting Twombly, 550 U.S. at 557). And, when determining whether a complaint satisfies Rule 8(a), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." **Braden**, 588 F.3d at 594.

In Plaintiff's first three counts, he alleges that the police officer defendants suppressed exculpatory material, improperly manipulated photograph and line-up identifications, and fabricated evidence in order to frame him for Ball's murder. And, these violations were caused by the Board's improper policies, practices, and deliberate indifference. Defendants quarrel with Plaintiff's failure to cite which constitutional provision or federal statute he is relying on to support his § 1983 claims.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." **West v. Atkins**, 487 U.S. 42, 48 (1988); accord **Zutz v. Nelson**, 601 F.3d 842, 848 (8th Cir. 2010). In **White v. McKinley**, 519 F.3d 806, 813-14 (8th Cir. 2008), the Eighth Circuit held that claims that a state law enforcement officer manipulated and hid evidence to benefit a love interest by framing her

5

husband described constitutional violations actionable under § 1983. The factual content of Plaintiff's first three counts is sufficient to satisfy Rule 8(a)(2).

Plaintiff alleges in his fourth count that the police officer defendants "instigated and continued the prosecution of [him] without probable cause and acting out of malice." (Compl. ¶ 53.) This prosecution was terminated in his favor, and caused him damages. (Id. ¶¶ 54, 57.) These actions were caused by the Board's improper policies, practices, and deliberate indifference. (Id. ¶ 56.) Under Missouri law, the six elements of a malicious prosecution claim are: "(1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged." **Fisher v. Wal-Mart Stores, Inc.**, 619 F.3d 811, 822 (8th Cir. 2010) (internal quotations omitted); accord **White**, 519 F.3d at 815; **Edwards v. Gerstein**, 237 S.W.3d 580, 582 (Mo. 2007) (en banc). Plaintiff's malicious prosecution allegations satisfy Rule 8(a)(2).

In his fifth, and final, count, Plaintiff alleges that the police officer defendants "intentionally and/or recklessly engaged in extreme and outrageous conduct that caused [him] severe emotional distress" and bodily harm. (Compl. ¶ 60.) These actions were caused by the Board's improper policies, practices, and deliberate indifference. (Id. ¶ 61.) To state a claim of intentional infliction of emotional distress in Missouri, "'a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly caused severe emotional distress that results in bodily harm.'" **Bailey v. Bayer CropScience L.P.**, 563 F.3d 302, 310

(8th Cir. 2009) (quoting Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. 1997) (en banc)). Again, Plaintiff's allegations satisfy Rule 8(a)(2).

Defendants argue that the complaint does not give them fair notice "of their alleged involvement in an understandable manner . . . ." (Dfs. Mem. at 3.) The Court disagrees. The complaint includes introductory sections, each with a particular subject, i.e., "Parties" or "The Murder," and five counts clearly delineating the allegations against each defendant.

Defendants further argue that the lack of notice of what each allegedly did and a failure to limit each numbered paragraph "to a single set of circumstances" violate Rule 10(b).[7] Again, the Court disagrees. At times, Plaintiff refers to an individual defendant and, at other times, to the police officer defendants collectively.[8] Reading the complaint as a whole, as the Court must, it is clear when Plaintiff is making allegations against a specific officer or against the group of officers. And, although Plaintiff uses the term "and/or" several times when making allegations against the Board and the City of St. Louis, the City of St. Louis has since been dismissed.[9]

---

[7]Rule 10(b) provides that:

**(b) Paragraphs; Separate Statements.**
A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed.R.Civ.P. 10.

[8]See note 5, supra.

[9]The Court notes that Plaintiff uses only "and" in his proffered amended complaint when referring to the City of St. Louis and the Board.

Rule 12(b)(6). Citing Rule 12(b)(6), Defendants argue that they are entitled to qualified immunity. In their reply brief, they specifically argue that Plaintiff has not sufficiently alleged bad faith on the part of the police officer defendants.

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Twombly**, 550 U.S. at 555-56. The Court does not, however, accept as true any allegation that is a legal conclusion. **Ashcroft**, 129 S.Ct. at 1949-50.

"Qualified immunity shields a public official . . . from civil lawsuits when [the official's] conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" **Doe v. Flaherty**, 623 F.3d 577, 583 (8th Cir. 2010) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Two questions must be answered when determining whether an official is entitled to qualified immunity: "(1) whether the facts alleged, construed in the light most favorable to [the plaintiff], establish a violation of a constitutional or statutory right, and (2) whether the right was clearly established at the time of the alleged violation, such that a reasonable official would have known that [his] actions were unlawful." **Id.**

The Board members are not entitled to qualified immunity because they are expressly being sued only in their official capacities. "A suit against a public employee in his or her official capacity is merely a suit against a public employer." **Johnson v. Outboard Marine Corp.**, 172 F.3d 531, 535 (8th Cir. 1999). "Qualified immunity is not a defense available to government entities, but only to government employees sued in their *individual* capacity." **Id.**

8

(emphasis added). Thus, qualified immunity is not available to public employees sued only in their official capacities, as are the Board members.

In his three § 1983 counts, Plaintiff alleges that the police officer defendants, individually and in conspiracy with each other, withheld exculpatory material from him and the prosecution, used improper and suggestive identification procedures, and fabricated evidence, all in order to frame him for Ball's murder. Defendants argue that these allegations are unavailing because they do not satisfy the requirement that they acted in bad faith.

In **White**, 519 F.3d at 814, the question of bad faith on the part of the law enforcement officer/defendant was reached at the summary judgment stage. Even so, the Eighth Circuit held that a jury could find that the officer deprived the plaintiff of his right to a fair trial in bad faith by manipulating the investigation and deliberately withholding exculpatory evidence from the prosecution. The question before the Court is whether, on a motion to dismiss, Plaintiff has sufficiently alleged bad faith. The Court finds he has.

Motion to Amend. As noted above, Plaintiff seeks to amend his complaint to reassert his state law claims against the City of St. Louis. Plaintiff initially sought leave on the last day for doing so set forth in the case management order. His motion was denied without prejudice because it was not accompanied by a supporting memorandum, as required by E.D.Mo. L.R. 7-4.01(A), or a proposed amended complaint. Plaintiff then refiled his motion with the two documents and without opposition.

"'Although leave to amend "shall be freely given when justice so requires," see Fed.R.Civ.P. 15(a), plaintiffs do not have an absolute or automatic right to amend.'" **In re 2007 Novastar Financial Inc., Securities Litig.**, 579 F.3d 878, 884 (8th Cir. 2009) (quoting

9

U.S. ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005)). "[P]ermission to amend may be withheld if the plaintiff . . . is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." **Bailey**, 563 F.3d at 307 (alterations in original) (internal quotations omitted). There is no allegation that any of these of four exceptions are present in the instant case. Nor is there any allegation of, or showing that, the amended complaint would be futile. See **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 715 (8th Cir. 2008).

### Conclusion

Plaintiff's seminal complaint complies with Rules 8(a)(2) and 10(b). And, it states a claim against Defendants. Plaintiff's request to amend his complaint shall be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [Doc. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint [Doc. 76] is **GRANTED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of March, 2011.