## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DARRYL BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:10cv1540 TCM |
| | ) |
| ST. LOUIS BOARD OF POLICE | ) |
| COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed case is before the Court on the $18,155.07 bill of costs submitted pursuant to 28 U.S.C. § 1920 by Defendants and objected to by Plaintiff.

Local Rule 8.03 of the Eastern District of Missouri provides, in relevant part, that "[a] party seeking an award of costs shall file a verified bill of costs . . . no later than twenty-one days (21) after entry of final judgment . . . . The filing of a bill of costs in no way affects the finality and appealability of the final judgment previously entered." Plaintiff argues that the Court should defer ruling on Defendants' bill of costs because a favorable outcome on his appeal "would obviate the need to resolve the bill of costs." (Pl. Mem. at 1, ECF No. 202.) The Court finds this contingency too uncertain to be persuasive.

Plaintiff next argues that an award of costs is not merited because Defendants are not the prevailing party on his state law claims, dismissed without prejudice, and any work done to defend against his 42 U.S.C. § 1983 claim overlaps with those dismissed claims.

Rule 54(d) of the Federal Rules of Civil Procedure "presumes an award of costs to the prevailing party; however, the district court has substantial discretion in awarding costs."

**Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 762 (8th Cir. 2006); accord **168th and Dodge, LP v. Rave Reviews Cinemas, LLC**, 501 F.3d 945, 958 (8th Cir. 2007). "The losing party bears the burden of overcoming th[is] presumption . . . , meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" **Id.** (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)). The Court finds Plaintiff's rationale unconvincing. Defendants prevailed on his § 1983 claims. The existence of state law claims premised on similar factual allegations and legal arguments does not negate this victory.

Plaintiff also raises specific objections to several of the costs claimed by Defendants. The Court notes that not all expenses of litigation are costs taxable against the losing party, and those that are taxable are defined in 28 U.S.C. § 1920. See **Brisco-Wade v. Carnahan**, 297 F.3d 781, 782 (8th Cir. 2002)

Section 1920(2):  Fees of the court reporter. The majority of Plaintiff's objections are directed to costs incurred in connection with depositions. Section 1920(2) allows a court to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In their bill of costs, Defendants seek $5.574.40 for costs for the deposition of Plaintiff's expert, Terry Kupers, M.D., M.S.P. This includes $1,312.50 for the use of one video conference room and $1,687.50 for the use of another video conference room. Defendants argue that these expenses were incurred because Dr. Kupers wished to have his deposition taken in Northern California. Plaintiff does not dispute that the deposition location was selected by his expert. Thus, the cost of one video conference room rental should be borne by Plaintiff. Defendants explain that the other video conference room was

needed for "the attorneys in St. Louis[.]"  (Defs. Reply at 7, ECF No. 208.)  The Court is not persuaded that the Missouri Attorney General's office could not locate a video conference room to use at no charge.  The lesser of the rental fees, $1,312.50, will not be taxed.

Included in the fees for Dr. Kupers' deposition is $712.50 for videoconferencing line charges and $1,549.40 for the original and one copy of the deposition transcript.  The line charges will be taxed.  Plaintiff objects to the transcript charges on the grounds that the per page rage of $6.10 is "exceedingly high."  (Pl. Mem. at 4.)  Plaintiff notes that this rate exceeds the rate of other deposition copying costs.  The higher rate was incurred in San Francisco, California; there is nothing in the record to suggest that the rate is not a reflection of the deposition locale or is anyway inflated.  These two costs will be allowed.

Plaintiff also objects to costs sought by Defendants for (a) scanning copies of deposition exhibits, $248.20[1]; (b) conversion and synching of A.E. Daniel's deposition, $297.50; (c) shipping and handling, $199.70; and (d) transcript and exhibit archives, $90.00.  Defendants agree that these costs, totaling $835.40, are not taxable.

Defendants also agree that another cost, that associated with a deposition of a Colonel Harris, was incorrectly included.  This amount, $224.70, will also not be taxed.

The costs of court reporters's attendance fees, $955.55, will be taxed.  See **Finan v. Good Earth Tools, Inc.**, 2008 WL 1805639, * 10 (E.D. Mo. Apr. 21, 2008) (awarding costs for court reporter attendance fees); accord **First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D.**, 2010 WL 4363808, *1 (D. S.D. Oct. 27, 2010).

---

[1]Defendants note that the correct figure is $248.20.  This amount – $37.80 higher than amount cited by Plaintiff – includes costs associated with one witness's second deposition.

Section 1920(3):  Fees and disbursements for printing.  Defendants request that the $233.70 they incurred for providing the Court with a courtesy copy of their motion for summary judgment be taxed as costs.  "[P]hotocopying costs for a prevailing party copying its own pleadings and motions for filing with the Court, serving on opposing counsel . . . ; copying documents to be produce in discover [sic] . . . are not taxable."  **Reed v. Lear Corp.**, 2008 WL 822116, * 2 (E.D. Mo. Mar. 26, 2008) (citing Emmenegger v. Bull Moose Tube Co., 33 F. Supp.2d 1127, 1133 (E.D. Mo. 1998)).  This cost will be taxed.

Section 1920(4):   Fees for exemplification and copies of papers necessarily obtained for use in the case.  Defendants seek $750.00 for the costs of copying Kansas City records for Rule 26 disclosures and $1,101.90 for copying documents provided to Plaintiff during discovery.  Plaintiff objects to this second cost.  The Court agrees that this cost is not taxable.  See **Id.**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' request for a bill of costs [Doc. 200] is **GRANTED** in part and **DENIED** in part as set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs in favor of Defendants.

| | |
|---|---|
| Fees of the court reporter | $13,617.57 |
| Fees for witnesses | $     80.00 |
| Fees for exemplification and copies | $   750.00 |
| **Total Taxable Costs** | $14,447.57 |

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  5th  day of November, 2012.